CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 20, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
         DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JEREMY DeFOUR,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:24MC00016 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MAJOR J. HALL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

The plaintiff, a Virginia inmate proceeding pro se, has filed a Petition Under Rule 27 to Perpetuate Discovery/Testimony requesting that the Court direct prison officials to preserve certain video footage and discovery to assist in a future lawsuit by DeFour. After review of the record, I will grant the Petition in part.

Federal Rules of Civil Procedure provide that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1). In addition to testimony, the federal courts have applied the function of Rule 27 to "documents and things," *Deiulemar Compagnia di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 478 n.5 (4th Cir.

1999),[1] and to preservation of prison video footage in particular, *Robinson v. Hinman*, 295 F. App'x 59, 60–61 (7th Cir. 2008) (unpublished) (finding appropriate inmate's Rule 27 petition to preserve video footage related to his future civil rights claims while he exhausted administrative remedies). However, it is well established that "Rule 27 can be used only to prevent known testimony [or other evidence] from being lost, not as a discovery tool to assist in preparing a complaint." *Qin v. Deslongchamps*, 539 F. Supp. 3d 943, 947 (E.D. Wis. 2021), *aff'd*, 31 F.4th 576 (7th Cir. 2022). "The purpose of Rule 27 is to preserve evidence that is in imminent danger of being lost to a prospective litigant." *Id.* Under the Rule, the petition must show that the petitioner expects to be a party to a federal civil action that cannot be filed at present, explain the subject matter of the expected lawsuit, include relevant facts the petitioner expects to support with the evidence he asks to have preserved, and describe the evidence to be preserved.

DeFour alleges that on March 21, 2024, at Red Onion State Prison, correctional officers sexually assaulted him, injuring his buttocks during a search. He allegedly received medical care for these injuries. Officers brought disciplinary charges, claiming that DeFour became aggressive and turned on the officers during their interactions, but DeFour denies being physically aggressive. He states his

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion and Order, unless otherwise noted.

intention to file a civil rights action under 42 U.S.C. § 1983 about the incident. He explains that he cannot do so until he has exhausted administrative remedies as required under 42 U.S.C. § 1997e(a). DeFour alleges that this exhaustion process is currently underway, but it has been delayed by officials' initial failure to investigate his report of sexual assault. He also asserts that he has filed requests to prison officials for preservation of surveillance and body camera footage related to the incident. But he also cites to prior court decisions that mentioned a prison practice of recording over such footage after 90 days unless the footage was specifically preserved for investigation or litigation. For these reasons, DeFour asks the court to order preservation of certain clips of video footage in contemplation of his yet-to-be-filed lawsuit.

I conclude that DeFour satisfies the necessary elements under Rule 27 as to his request for preservation of relevant video footage. He briefly describes the facts of the future lawsuit, why he cannot bring it yet, how the video footage is relevant to his expected claims, and why he fears that relevant footage might not be preserved after June 21, 2024, without an immediate court order. As indicated, courts have found that applying Rule 27 to preserve video footage related to an inmate's civil rights claims while he exhausts administrative remedies can be warranted. *Robinson*, 295 F. App'x at 60–61; *Naswood v. Banks*, No. EDCV 09-1675 SVW (DTB), 2013 WL 12470383, at *7–8 (C.D. Cal. Mar. 19, 2013), *R. & R. adopted*,

2014 WL 12962026 (C.D. Cal. July 2, 2014). For these reasons, I will direct Major Hall, the Chief of Security at Red Onion State Prison, who was allegedly a participant in the incident at issue, to preserve the video clips specified in DeFour's Petition, in expectation of DeFour's intended litigation, and to so certify to the Court.

DeFour also asks the court to order Hall to allow him to view the video footage before he files his lawsuit so that he can ensure its completeness. In addition, DeFour asks for an order directing Hall to provide him with a list of all inmates who were housed in the area where the incident occurred, so that he could investigate these individuals as potential trial witnesses. I cannot find that these facets of DeFour's petition warrant application of the evidence preservation function to which Rule 27 is dedicated. Rather, they are general discovery requests. DeFour may undertake this type of discovery under Rules 33 and 34 after he has filed his lawsuit, and the defendants have been served with and answered the Complaint.

For the reasons stated, it is **ORDERED** as follows:

1. DeFour's Petition is GRANTED IN PART AND DENIED IN PART;

2. The Petition is GRANTED to the extent that Major Hall of Red Onion State Prison is DIRECTED to immediately arrange preservation of the video footage from surveillance cameras and

body cameras for the dates, times, officers, and locations requested in Paragraphs 44 through 49 of DeFour's Petition;

3. Major Hall is further DIRECTED to report to the Court within 14 days after the date of this Order, certifying that each of the requested clips that has been preserved or to certify which, if any, of the requested clips has not been preserved and the reason therefor; and

4. DeFour's Petition is DENIED as to his requests to view video footage before filing his lawsuit and as to the requested discovery of potential inmate witnesses' names.

The Clerk is directed to send a copy of this Order to the plaintiff, to the Office of the Attorney General of Virginia, Criminal Justice & Public Safety Division, 202 North Ninth Street, Richmond, Virginia 23219, and to the Warden of Red Onion State Prison. The Warden is requested to facilitate compliance with this Order.

ENTER: June 20, 2024

/s/ JAMES P. JONES
Senior United States District Judge